KEVIN V. RYAN, SBN 118321
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX,
Social Security Administration
DENNIS J. HANNA, SBN 184475
Special Assistant United States Attorney

    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8943
    Facsimile:  (415) 744-0134

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHY D. PROFIT,<br><br>    Plaintiff,<br><br>        v.<br><br>LINDA S. McMAHON[1],<br>Acting Commissioner of<br>Social Security,<br><br>    Defendant. | CIVIL NO. C-06-3572-JSW<br><br>STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d)) AND COSTS (28 U.S.C. § 1920) |

      IT IS HEREBY STIPULATED by the parties, through their undersigned counsel, subject to the approval of the Court, that counsel for Plaintiff be awarded attorney fees under the Equal Access to Justice Act in the amount of FOUR THOUSAND ONE HUNDRED AND FIFTY DOLLARS AND NO CENTS (**$4,150.00**) and costs in the amount of THREE HUNDRED SEVENTY TWO DOLLARS AND FOUR CENTS (**$372.04**).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action for services performed before the

---

[1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

district court in accordance with 28 U.S.C. §§ 1920 and 2412(d).

 This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment in the aforementioned sum under EAJA shall constitute a complete release from and bar to any and all claims, rights, causes of action, liens or subrogated interests relating to attorneys fees and costs incurred in this action under EAJA.

 The settlement of Plaintiff's claim for EAJA attorney fees does not preclude Plaintiff's counsel from seeking attorney fees under 42 U.S.C. § 406(b) of the Social Security Act, subject to the offset provisions of the law.

Respectfully submitted,

Dated: *February 5, 2007*

/s/ Harvey P. Sackett
*(As authorized via e-mail on February 5, 2007)*
HARVEY P. SACKETT
Attorney for Plaintiff

Dated: *February 1, 2007*

KEVIN V. RYAN
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration

DENNIS J. HANNA
Special Assistant United States Attorney

IT IS SO ORDERED:

Dated: February 5, 2007

THE HONORABLE JEFFREY S. WHITE
United States District Judge